UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EUGENE ANDERSON, et al. | CIVIL ACTION |
| VERSUS | NO. 10-153 |
| ILLINOIS CENTRAL RAILROAD COMPANY | SECTION "N" (1) |

## ORDER AND REASONS

Before the Court is "Plaintiffs' Motion to Alter or Amend Judgment" (Rec. Doc. 84). This motion is opposed by Defendant Illinois Central Railroad Company ("IC") (See Rec. Doc. 86). Specifically, this motion seeks reconsideration of the April 4, 2011 Order and Reasons (Rec. Doc. 82), wherein the Court granted summary judgment in favor of IC. The undersigned signed the Final Judgment on that same day. (See Rec. Doc. 83). Because the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, such motion has been properly filed and shall be treated as a motion to alter or amend under Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d

468, 473 (5th Cir.1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir.1990). There are considerations that limit this discretion, however: (1) the need to bring litigation to an end, and (2) the need to render just decisions on the basis of all of the facts. *Id.* Generally, there are four grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002).

Plaintiffs claim that the instant motion has been filed to correct "clear errors of law and fact." (Rec. Doc. 84-1, p. 4). The Court disagrees that its prior opinion reflects any manifest error, and stands by its original opinion. For substantially the same reasons as stated by IC in its opposition to the instant motion (See Rec. Doc. 86), the Court denies the motion in this regard.

Further, to the extent Plaintiffs obtained and have attached affidavits to its motion to support the argument that a new trial should be granted (See Rec. Doc. 84-1, p. 4), the Court finds that such evidence was available prior to the Court's rendering of the underlying decision, and thus is not "new". Indeed, a motion for reconsideration may not be used to rehash evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon*, 891 F.2d at 1159. The fact that Plaintiffs only now seek to put such evidence properly before the Court does not warrant or justify a reversal of this Court's earlier granting of summary judgment.

Given the foregoing, the Court does not find reconsideration of its prior ruling to be

necessary to prevent manifest injustice. Accordingly,

**IT IS ORDERED** that **"Plaintiffs' Motion to Alter or Amend Judgment"** (Rec. Doc. 84) is **DENIED.**

New Orleans, Louisiana, this 9th day of August, 2011.

**KURT D. ENGELHARDT**
**United States District Judge**