UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EUGENE ANDERSON, et al.                                    CIVIL ACTION

VERSUS                                                                      NO.  10-153

ILLINOIS CENTRAL RAILROAD                           SECTION  "N"  (1)
COMPANY

## ORDER AND REASONS

Before the Court is Plaintiffs' "Motion to Review Bill of Costs Taxed and All Exhibits" (Rec. Doc. 101).  This motion is opposed by Defendant Illinois Central Railroad Company ("IC") (See Rec. Doc. 102).  Specifically, Plaintiffs move the Court to review the Bill of Costs taxed against them in the amount of $12,552.22. (See Rec. Doc. 98).

Federal Rule of Civil Procedure 54(d)(1) provides that, absent specific circumstances indicating otherwise, "costs-other than attorneys' fees-should be awarded to the prevailing party." Fed.R.Civ.P. 54(d)(1). The Fifth Circuit strongly presumes that a court will award costs to a prevailing party. *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992).

Prior to this Court's granting of summary judgment on IC's behalf on the eve of trial, the assigned Magistrate Judge, as well as the undersigned, specifically inquired about settlement. Indeed, the assigned Magistrate Judge strongly encouraged the acceptance of the last settlement offer.  Further, all counsel in this case were aware of the risk of incurring an award of costs to the prevailing party, as such is common practice in litigation.

The Court recognizes that this was an expensive piece of litigation, which progressed almost to the point of trial.  However, if Plaintiffs had prevailed, IC would no doubt have been responsible for paying costs of a similar amount and magnitude to Plaintiffs.  Regardless of which party prevailed, this Court finds that costs were properly taxed in this matter.  Further, the Court will not overturn the Clerk of Court's decision as to the amount of such costs.  Indeed, the Clerk of Court has many years of experience and is extremely well-versed to consider what are/are not taxable costs. However, the Court encourages Plaintiffs' counsel and defense counsel to confer on their own in an attempt to alleviate some of the costs burden on Plaintiffs.

Considering the foregoing, **IT IS ORDERED** that, for substantially the same reasons as stated by IC in its Opposition memorandum (See Rec. Doc. 102), **Plaintiffs' "Motion to Review Bill of Costs Taxed and All Exhibits"  (Rec. Doc. 101)** is **DENIED.**

New Orleans, Louisiana, this 15th day of August, 2011.

**KURT D. ENGELHARDT**
**United States District Judge**